UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 04CR10003-MEL |
| v. ) | CRIMINAL NO. |
| ) | |
| ) | 18 U.S.C. §1957 |
| METALOR USA REFINING CORPORATION ) | (Engaging in Monetary |
| ) | Transactions in Property |
| ) | Derived From Specified |
| ) | Unlawful Activity) |
| ) | |

INFORMATION

The United States Attorney charges that at all times relevant to this Information:

INTRODUCTION

1.  Metalor USA Refining Corporation (hereinafter "Metalor"), a wholly owned subsidiary of Metalor Technologies USA Corporation, was a gold refining company based in North Attleboro, Massachusetts. Metalor was involved in buying, selling and refining precious metals, such as gold.

2.  Beginning in September 1998, Metalor started doing business with some South American companies who would send gold to Metalor for refining and/or purchase gold from Metalor. This business was particularly lucrative for Metalor at a time when the company was under some pressure to have a financially profitable period.

3.  During this time, the South American entities engaged in conduct that caused suspicion and concern amongst some Metalor employees. Specifically, the entities generating the South

American business changed names several times. Further, payment for the gold was often received in the form of multiple wire transfers from individuals rather than directly from the company supposedly receiving the gold. Finally, on occasion, couriers picking up the gold in the United States on behalf of the South American businesses would repackage the gold from standard shipping containers to other containers such as shampoo bottles.

4. The concerns about this sort of conduct were communicated to upper management at Metalor, who took some steps to distance Metalor from the conduct, but did not stop doing business with the offending South American companies. Therefore, during the Fall of 1998 and into the Winter of 1999, Metalor continued to do business with these people because it was very lucrative despite being aware of the suspicious conduct described above.

5. Finally, in approximately January 1999, Metalor sent a representative to South America to evaluate the South American business.

6. On January 22, 1999, the representative returned to Metalor, having learned enough about the source of the gold and the destination of the gold to put Metalor on notice that they were engaging in financial transactions with the proceeds of specified unlawful activity, specifically, violations of U.S. Customs import and export control laws and regulations.

7. Nonetheless, from January 22, 1999 through approximately January 29, 1999, Metalor continued to sell gold to the South American entities. Thereafter, although Metalor stopped selling gold to these entities, from approximately March 1999 through April

1999, Metalor continued to refine gold for the South American companies. The financial transactions involving Metalor and the South American companies from approximately January 1999 through April 1999 totaled approximately $4.5 million. The total fees paid to Metalor by the South American companies in connection with the financial transactions from approximately September 1998 through approximately April 1999 totaled approximately $423,000.

## COUNT 1

8. Paragraphs 1-7 are incorporated by reference.

9. Beginning on or about January 22, 1999 and continuing until in or about April, 1999, in the District of Massachusetts and elsewhere, the defendant, Metalor USA Refining Corporation, did knowingly engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that is accepting wire transfers of funds in payment for gold, such funds having been derived from a specified unlawful activity, that is the export from the United States of multiple hundreds of kilograms of gold, which were either smuggled from the United States or declared at values far below their true value in violation of 50 U.S.C. §1705 and 15 C.F.R. 758.1 and importing gold into the United States which was improperly invoiced in violation of 18 U.S.C. § 545.

In violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION

Title 18, United States Code, Section 982

The United States Attorney further charges that:

1. As a result of the offenses alleged in Count One, METALOR USA REFINING CORPORATION, defendant herein, shall forfeit to the United States any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

   (a) **$423,000 in United States currency**

2. If any of the forfeitable properties, as described in paragraph 1, above, as a result of any act or omission of any defendant --

   (1) cannot be located upon the exercise of due diligence;

   (2) have been transferred or sold to, or deposited with, a third person;

   (3) have been placed beyond the jurisdiction of the Court;

   (4) have been substantially diminished in value; or

   (5) have been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 18, United States Code, Sections 982(a)(2) and (b)(1), and 1957.

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]* 1/8/04
ALLISON D. BURROUGHS
Assistant U.S. Attorney