

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

January 27, 2004

George Howarth
Clerk to the Honorable
Morris E. Lasker
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

Re: United States of America v. Metalor USA Refining Corporation
    Criminal Action No. 04-10003-MEL

Dear Mr. Howarth:

Enclosed please find the original and one copy, marked "Courtesy Copy - Do Not Scan," of the United States' Motion for Issuance of a Preliminary Order of Forfeiture and proposed Preliminary Order of Forfeiture in connection with the above-referenced criminal action.

Thank you for bringing this matter to the attention of the Court.

Very truly yours,

Shelbey D. Wright
Assistant U.S. Attorney

SDW/ljt
Enclosures

cc:  J. William Codinha, P.C.
     Melissa Bayer Tearney, Esq.
     Allison D. Burroughs, AUSA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>METALOR USA REFINING CORPORATION,<br>      Defendant. | )<br>)<br>)<br>) Criminal No. 04-10003-MEL<br>)<br>)<br>) |

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 18, United States Code, Section 982(a). In support thereof, the United States sets forth the following:

1. On or about January 8, 2004, the United States Attorney for the District of Massachusetts file an Information charging Defendant Metalor USA Refining Corporation ("Defendant Metalor") with one count of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, in violation of 18 U.S.C. § 1957.

2. The Information also contained a forfeiture allegation, which, as a result of the offense alleged in Count One, and pursuant to 18 U.S.C. § 982(a), sought the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to $423,000.

3. In a Plea Agreement dated December 11, 2003, Defendant

Metalor admitted that the $423,000 constitutes property involved in a money laundering offense, and consented to the forfeiture. On or about January 14, 2004, at a change of plea hearing, Defendant Metalor pled guilty to the Information and was sentenced by the Court.

4.   By virtue of Defendant Metalor's guilty plea and pursuant to 18 U.S.C. § 982(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to an Order of Forfeiture against the property named in the Information, namely the $423,000.

5.   This Court's jurisdiction in this matter is founded upon 18 U.S.C. § 982(a), which provides that with respect to any person convicted of money laundering offense offense punishable by imprisonment for more that one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

6.   Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provides that as soon as is practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  The court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict.  If the court finds that property is subject

to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

7.   Based upon the evidence set forth at the January 14, 2004, plea hearing and the admission contained in the plea agreement dated December 11, 2003, the United States has established the requisite nexus between the $423,000 and the offense to which Defendant Metalor has been convicted and sentenced. Accordingly, the $423,000 is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982.

8.   Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the $423,000 in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the $423,000 must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in

in the $423,000 shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited $423,000 and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $423,000 that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the $423,000 in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Shelbey D. Wright
ALLISON D. BURROUGHS
SHELBEY D. WRIGHT
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

January 27, 2004

### CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon J. William Codinha, P.C. and Melissa Bayer Tearney, Esquire, Nixon Peabody, LLP, 101 Federal Street, Boston, MA 02110-1832, as counsel for Defendant Metalor USA Refining Corporation by first class mail, postage prepaid, this 27th day of January, 2004.

/s/ Shelbey D. Wright
Shelbey D. Wright
Assistant U.S. Attorney

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>METALOR USA REFINING CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>) Criminal No. 04-10003-MEL<br>)<br>)<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

**LASKER, D.J.,**

WHEREAS, on or about January 8, 2004, the United States Attorney for the District of Massachusetts file an Information charging Defendant Metalor USA Refining Corporation ("Defendant Metalor") with one count of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, in violation of 18 U.S.C. § 1957;

AND WHEREAS, the Information also contained a forfeiture allegation, which, as a result of the offense alleged in Count One, and pursuant to 18 U.S.C. § 982(a), sought the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to $423,000;

AND WHEREAS, in a Plea Agreement dated December 11, 2003, Defendant Metalor admitted that the $423,000 constitutes property involved in a money laundering offense, and consented to the forfeiture.

AND WHEREAS on or about January 14, 2004, at a change of plea hearing, Defendant Metalor pled guilty to the Information and was sentenced by the Court;

AND WHEREAS, by virtue of Defendant Metalor's guilty plea and pursuant to 18 U.S.C. § 982(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to an Order of Forfeiture against the property named in the Information, namely the $423,000;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  Based upon the evidence set forth at the January 14, 2004, plea hearing and the admission contained in the plea agreement dated December 11, 2003, the United States has established the requisite nexus between the $423,000 and the offense to which Defendant Metalor has been convicted and sentenced. Accordingly, the $423,000 is hereby forfeited to the United States of America for disposition.

2.  If the $423,000 as a result of any act or omission by Defendant Metalor (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Defendant Metalor's, up to the value of $423,000, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

3.  The United States shall seize the $423,000 and hold it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853, the United States shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the $423,000, giving notice as required by law.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the $423,000 in such manner as the Attorney General may direct.

6. Pursuant to 21 U.S.C. § 853(n), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $423,000 that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $423,000, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $423,000; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the $423,000, the time

and circumstances of the petitioner's acquisition of the right, title or interest in the $423,000, any additional facts supporting the petitioner's claim, and the relief sought.

8.  Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the $423,000.

9.  Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____
MORRIS E. LASKER
United States District Judge

Dated: _____