UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
         Plaintiff,               )
                                  )
    v.                            ) Criminal No. 04-10003-MEL
                                  )
METALOR USA REFINING CORPORATION, )
         Defendant.               )

### PRELIMINARY ORDER OF FORFEITURE

**LASKER, D.J.,**

WHEREAS, on or about January 8, 2004, the United States Attorney for the District of Massachusetts file an Information charging Defendant Metalor USA Refining Corporation ("Defendant Metalor") with one count of Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity, in violation of 18 U.S.C. § 1957;

AND WHEREAS, the Information also contained a forfeiture allegation, which, as a result of the offense alleged in Count One, and pursuant to 18 U.S.C. § 982(a), sought the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to $423,000;

AND WHEREAS, in a Plea Agreement dated December 11, 2003, Defendant Metalor admitted that the $423,000 constitutes property involved in a money laundering offense, and consented to the forfeiture.

AND WHEREAS on or about January 14, 2004, at a change of plea hearing, Defendant Metalor pled guilty to the Information and was sentenced by the Court;

AND WHEREAS, by virtue of Defendant Metalor's guilty plea and pursuant to 18 U.S.C. § 982(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to an Order of Forfeiture against the property named in the Information, namely the $423,000;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   Based upon the evidence set forth at the January 14, 2004, plea hearing and the admission contained in the plea agreement dated December 11, 2003, the United States has established the requisite nexus between the $423,000 and the offense to which Defendant Metalor has been convicted and sentenced. Accordingly, the $423,000 is hereby forfeited to the United States of America for disposition.

2.   If the $423,000 as a result of any act or omission by Defendant Metalor (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Defendant Metalor's, up to the value of $423,000, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982.

3.   The United States shall seize the $423,000 and hold it in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853, the United States shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the $423,000, giving notice as required by law.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the $423,000 in such manner as the Attorney General may direct.

6. Pursuant to 21 U.S.C. § 853(n), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the $423,000 that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $423,000, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $423,000; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the $423,000, the time

and circumstances of the petitioner's acquisition of the right, title or interest in the $423,000, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the $423,000.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____
MORRIS E. LASKER
United States District Judge

Dated: 2/2/04